## Coverdale v. Curry.

1. *Forcible Entry.*—Where a person entered upon the possession of another without his consent, and by removing the fence and resetting the same, took possession of a strip or parcel thereof, it is a forcible entry under the terms of the statute and sufficient to support the action.

Memorandum.—Forcible entry and detainer. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

### ' APPELLANT'S STATEMENT OF THE CASE.

The appellee brought this suit in justice's court in forcible detainer to obtain possession of a strip of land claimed to have been taken by appellant. The finding and judgment were for appellee. Appeal was prayed and allowed. Bond filed and approved. In the Circuit Court a trial *de novo* was had, and finding by the circuit judge without the intervention of a jury, for appellee.

### ' APPELLANT'S BRIEF.

The fence was north of the line, and it has only been moved to the true line by appellant; he did not take possession of more than he owned and was entitled to the immediate possession of. This being the case, the question arises : Is a party, who is entitled to the immediate possession of land or premises, and can enter the same in a peaceable manner, even though occupied by another, liable to an action of forcible entry and detainer ? The Supreme and Appellate Court have both answered this question in the affirmative. Dearborn Lodge v. Kline, 115 Ill. 177; Lee v. Town of Mound Station, 118 Ill. 316; City of Bloomington v. Brophy, 32 Ill. App. 400.

The possession of plaintiff, if he had any, was held by mere sufferance so far as the evidence in this case discloses, as he does not claim to own this strip; hence his possession was subordinate to appellant, the real owner. Lee v. Mound Station, 118 Ill. 316; Maloney v. Shattuck, 15 Ill. App. 44.

WM. A. YOUNG, attorney for appellant.

### APPELLEE'S BRIEF.

Title can not be tried in a summary action of this kind. Stillman v. Palis, 134 Ill. 532, affirming Stillman v. Palis, 34 Ill. App. 540; Smith v. Hoag, 45 Ill. 251.

In case of Fort Dearborn Lodge v. Klein, 115 Ill. 177, cited by appellant, the Supreme Court decided but one question: "That the plea of *liberum tenementum* is a proper plea in action of trespass *quare clausum fregit*, and that it was error to instruct the jury to disregard it." Gage v. Hampton, 127 Ill. 87.

Possession of land may be held in different modes: by enclosure, by the erection of buildings, or by any use that clearly indicates an appropriation to the use of the person claiming to hold the property. Gage v. Hampton, 127 Ill. 87.

Common law right of entry has been taken away in this State by statute, and any entry is forcible within the meaning of the statute that is made against the will of the occupant. Gage v. Hampton, 127 Ill. 87; Reeder et al. v. Purdy et ux., 41 Ill. 279.

The record fails to show that any evidence offered by appellant was rejected by the court, and as no propositions were submitted to be held as the law by the court in the decision of the case, the question of error on the part of the trial court in its construction of the law governing this case can not be raised on appeal. First Nat. Bank of Chicago v. Northwestern Nat. Bank of Chicago, 29 N. E. Rep. 884 (Illinois Supreme Court).

O. A. McFarland, attorney for appellee.

Opinion of the Court.

This was an action of forcible entry and detainer commenced before a justice of the peace and removed by appeal to the Circuit Court.

The case was tried by the court, a jury being waived by consent of parties, and the finding was for plaintiff. Judgment was entered accordingly, and the defendant, by further appeal, brings the record to this court.

There is no question that appellant entered upon the possession of the appellee without the consent of the latter, and by removing the fence and resetting the same, took pos-

session of the parcel in question. It is insisted, under the decision in Fort Dearborn Lodge v. Klein, 115 Ill. 177, that thereby no cause of action arose to the appellee.

We are inclined to think the evidence shows such a forcible entry as to bring the case within the terms of our statute, and further, that there was no competent proof that appellant was the owner of the premises in dispute. So that in any proper view of the case the Klein case, *supra*, is not in point. Gage v. Hampton, 127 Ill. 87. The judgment will be affirmed.